UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS MCDANIEL,

                  Petitioner,

    v.

JASON BENNETT,

                  Respondent.

CASE NO. 3:24-cv-05223-DGE-GJL

REPORT AND RECOMMENDATION

Noting Date: June 27, 2024

Petitioner Dennis McDaniel is a state prisoner currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. He has submitted to this Court for filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2021 amended judgment and sentence of the Pierce County Superior Court. Dkt. 6. Respondent has filed an Answer, arguing that, under 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider the Petition because it is a successive petition. Dkt. 9. Respondent submits the Court may, in the interests of justice, transfer the Petition to the Ninth Circuit Court of Appeals for consideration as an application to file a successive petition. After review of the relevant record, the Court

concludes the Petition is successive and recommends it be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

## I.    BACKGROUND

Petitioner is in custody under a 2021 amended judgment and sentence imposed by the Pierce County Superior Court ("state court") for his conviction for one count of child molestation in the first degree. Dkt. 10-1, Ex. 1, Judgment and Sentence, Pierce County Cause No. 09-1-5629-5; Dkt. 10-1, Ex. 2, Order Correcting Judgment and Adjusting Sentence Pursuant to *Blake*, Pierce County Cause No. 09-1-05629-5. The amended judgment and sentence reduced the duration of Petitioner's minimum term of confinement, but maintained the maximum term of life imprisonment. Dkt. 10-1 at 24–25, Ex. 2. The state court entered the amended sentence on October 18, 2021. Dkt. 10-1, Ex. 2.

In October 2022, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 ("First Petition") in this Court seeking relief from the 2021 amended judgment and sentence. Dkt. 10-1, Ex. 3, *McDaniel v. Bennett*, 3:22-cv-05753-BHS-DWC (W.D. Wash.). By Order dated October 10, 2023, the Court found Petitioner's grounds for relief were procedurally barred and dismissed the First Petition with prejudice. Dkt. 10-1, Ex. 4, *McDaniel v. Bennett*, 3:22-cv-05753-BHS, Order Adopting Report and Recommendation; Dkt. 10-1, Ex. 5, *McDaniel v. Bennett*, 3:22-cv-05753-BHS, Judgment.

Petitioner now files this Petition ("Second Petition") challenging his custody under the same 2021 amended judgment and sentence. Dkt. 6.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). The Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Because Petitioner previously filed a federal habeas Petition pursuant to 28 U.S.C. § 2254 challenging the same 2021 Pierce County amended judgment and sentence, and because that First Petition was dismissed with prejudice on the basis that the grounds for relief therein were procedurally barred, this Second Petition must be deemed successive. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) ("[A] denial [of the first petition] on the grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive'.") (internal citations omitted).

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition.

1  *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157

2  (2007).

3      Here, there is no evidence Petitioner has received an order from the Ninth Circuit

4  authorizing this Court to consider the Second Petition and, thus, the Court lacks jurisdiction to

5  consider the Second Petition. As such, the Second Petition should be transferred to the Ninth

6  Circuit for consideration as an application to file a second or successive petition.

### III.    CONCLUSION

8      Based on the foregoing, the Court finds it lacks jurisdiction, under 28 U.S.C. § 2244(b),

9  to consider the instant Petition. As a result, the Court recommends that Petitioner's federal

10  habeas Petition (Dkt. 6) be transferred to the Ninth Circuit Court of Appeals pursuant to 28

11  U.S.C. § 1631 and Ninth Circuit Rule 22-3 as an application to file a second or successive

12  petition. A proposed Order accompanies this Report and Recommendation.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

14  shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

15  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

16  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

17  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

18  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

19  //

20  //

21  //

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 27, 2024, as noted in the caption.

Dated this 13th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge